**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

**IN THE MATTER OF:**
Michigan Pain Consultants, P.C.

Debtor.

Bankruptcy Case No. 24-01571
Hon. Scott W. Dales
Chapter 11
*Subchapter V*

**COVER SHEET FOR MOTION TO USE CASH**
**COLLATERAL OR TO OBTAIN CREDIT**

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br>__X___ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br>__X___ No | Page ____, ¶ ____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br>__X___ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | __X__ Yes<br><br>_____ No | Page 3, ¶ 6 |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | __X__ Yes<br><br>_____ No | Page 3, ¶ 7 |
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>__X___ No | Page ____, ¶ ____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>__X___ No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>__X___ No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes<br><br>__X___ No | Page ____, ¶ ____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>__X___ No | Page ____, ¶ ____ |

                                                Respectfully submitted,
                                                **STEVENSON & BULLOCK, P.L.C.**

                                                By: /s/ Elliot G. Crowder_____
                                                Charles D. Bullock (P55550)
                                                Elliot G. Crowder (P76137)
                                                Counsel for Debtor
                                                26100 American Drive, Suite 500
                                                Southfield, MI 48034
                                                Phone: (248) 354-7906
                                                Facsimile: (248) 354-7907
                                                Email: cbullock@sbplclaw.com
                                                Email: ecrowder@sbplclaw.com

Dated: June 12, 2024

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

| | |
|---|---|
| **IN THE MATTER OF:** <br> Michigan Pain Consultants, P.C. <br><br> Debtor. | Bankruptcy Case No. 24-01571 <br> Hon. Scott W. Dales <br> Chapter 11 <br> *Subchapter V* |

**FIRST DAY MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

NOW COMES Michigan Pain Consultants, P.C. (the "Debtor"), as debtor and debtor in possession, by and through its counsel, Stevenson & Bullock, P.L.C., and hereby requests that this Court enter an order, substantially in the form attached hereto as Exhibit 1 authorizing the Debtor to use cash collateral and granting adequate protection.

The Debtor, in support of its Motion for Entry of Interim and Final Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion") hereby states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

4.  On June 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

5.  The Debtor continues to manage and operate its business as debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

6.  Stacy Ward is the responsible person for the Debtor.

7.  No trustee or examiner has been appointed in this case.

8.  No official committee of unsecured creditors has been appointed or designated in this case.

9.  The factual background regarding the Debtor, including its business operations and the events leading to the filing of this Subchapter V case is set forth in the Declaration of Stacy Ward in Support of Chapter 11 Petition, First Day Motions, and Other Relief filed contemporaneously with this Motion and fully incorporated herein by reference.

10. The majority of the Debtor's value arises from its ongoing operations and ability to continue to provide services to patients. Without authority to use cash collateral, the Debtor will suffer irreparable harm because it will be forced to immediately shut down. Without the use of funds, the Debtor will be unable to pay employees, purchase necessary inventory, and provide necessary medical services to its patients.

11. During the first three months of this case, the Debtor projects that it will need to spend approximately $4,491,685.06 to avoid immediate and irreparable harm.

12. The Debtor requests authority to spend these amounts in accordance with the budget attached to this Motion (the "Budget" attached as Exhibit 2), with a ten percent (10%) variance for each line item and in total.

13. On the Petition Date, the Debtor, without admission, believes that the cash collateral, as defined in 11 U.S.C. §363 (the "Cash Collateral") consists of the following:

- Collectible accounts receivable valued at approximately $2,600,000.00
- Available Funds held in bank accounts valued at approximately $1,453.00
- Cash on hand valued at approximately $750.00

**NATURE OF DEBT**

14. Before the Petition Date, Fifth Third Bank (the "Bank") filed a UCC-1 financing statement against certain of the Debtor's assets, including its cash collateral. The Debtor anticipates the Bank will assert a security interest in the Debtor's Cash Collateral. The Debtor further anticipates that the Bank will assert that its security interest and liens have first priority over all other security interests and liens asserted against the Debtor.

15. The Debtor makes no admission and take no position at this time regarding the validity, enforceability, priority or perfection of any the obligations, security interests and liens that may be asserted by the Bank.

16. Before the Petition Date, on March 20, 2024, McKesson Corporation ("McKesson") filed a UCC-1 financing statement against certain of the Debtor's assets, including its cash collateral. The Debtor anticipates the McKesson will assert a security interest in the Debtor's Cash Collateral. The Debtor further anticipates that McKesson will assert that its security interest and liens have second priority over all other security interests and liens asserted against the Debtor.

17.  The Debtor makes no admission and take no position at this time regarding the validity, enforceability, priority or perfection of any the obligations, security interests and liens that may be asserted by McKesson other than to note that McKesson's UCC-1 was filed within ninety (90) days of the Petition Date and may be avoidable pursuant to, *inter alia*, § 547.

18.  The Debtor believes that no entities have an interest in its Cash Collateral other than the Bank and McKesson.

## REQUEST FOR USE OF CASH COLLATERAL

19.  The Debtor requires the use of Cash Collateral to make such payments as are necessary for the continuation of its business as shown in the attached Budget, attached as Exhibit 2. The projected revenue and expenses in the Budget is based upon historical financial data as well as the current and scheduled projects.

20.  The Budget projects the Debtor's anticipated revenue and expenses and demonstrates the amount of funds the Debtor must expend on its operation on a monthly basis.

21.  Without the ability to make the payments as set forth in the Budget, the Debtor would be unable to continue operating and would be forced to shut down its operations on an emergency basis.  A majority of the Debtor's value arises from the on-going operations.  Further, an immediate cessation of operation would cause enormous hardship for all of the Debtor's patients and employees. Accordingly, authorizing the Debtor to use its Cash Collateral as set forth in the Budget is in the best interest of all creditors and parties in interest and a critical component of this Chapter 11 case.

## ADEQUATE PROTECTION

22.  As adequate protection under section 363 and 361 of the Bankruptcy Code for any security interests that the Bank and McKesson may assert, the Debtor offers replacement liens

(the "Replacement Liens") in its personal property, now owned or hereafter acquired and the proceeds and products thereof to the same extent that such liens existed prior to the Petition Date.

23.   The Debtor proposes that the Bank and McKesson be granted the Replacement Liens as adequate protection to the extent of any diminution in value of the pre-petition Cash Collateral. The Replacement Liens shall be liens on the Debtor's assets which are created, acquired, or arise after the Petition Date, but limited to only those types and descriptions of collateral in which the Bank and McKesson held a pre-petition lien or security interest. The Replacement Liens shall have the same priority and validity as the Bank and McKesson's pre-petition security interests and liens. For clarity, the Debtor does not propose to authorize that the collateral securing the Replacement Liens include claims and causes of action under Chapter 5 of the Bankruptcy Code or 11 U.S.C. § 506(c) claims.

24.   On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use the Cash Collateral.

25.   As part of its request to use Cash Collateral and consistent with the Budget, the Debtor is requesting that this Court allow it to escrow, on a monthly basis, into a specially designated debtor in possession account to pay the professional fees of legal counsel employed by the Debtor, the Subchapter V Trustee, and a patient care ombudsman in connection with the bankruptcy proceeding to the extent the fees are allowed by this Court (the "Professional Fees").

## NOTICE

26.   Notice of this Motion has been provided to the Office of the United States Trustee, the twenty largest unsecured creditors in each of the bankruptcy cases, those parties who

the Debtor believes has an interest in the Cash Collateral.  In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

27. The Debtor intends to request that the Court consider the interim relief requested in this Motion on an expedited basis, and has, contemporaneously with the filing of this Motion, requested the same from the Court as is authorized pursuant to W.D. Mich. LBR 4001-2(d).

**NO PRIOR REQUEST**

28. No previous motion for the requested relief sought herein has been made to this or any other court.

**CONCLUSION**

29. The Debtor contends that without authority to use Cash Collateral, it would need to immediately close, which would have a detrimental effect on the estate and all of its creditors as well as the Debtor's patients.

30. The entry of an order authorizing the Debtor's use of its Cash Collateral will permit it to continue operating, will increase the possibility of a successful rehabilitation, and will prevent the immediate closure of the its business operations. Authorization of the Debtor's use of Cash Collateral is, therefore, in the best interests of the estate and creditors.

31. The entry of an order granting Adequate Protection to the Bank and McKesson will permit the Debtor to continue operating, will increase the possibility of a successful rehabilitation, and will prevent the immediate closure of the Debtor's business operations. The granting of Adequate Protection, as set forth herein, is, therefore, in the best interests of the estate and creditors.

32. At this time, the Debtor is only seeking to allow it to use the Cash Collateral on an interim basis to pay its necessary operating expenses (as outlined in the Budget) until the court

holds a final hearing on the use of Cash Collateral. To the extent that no parties object to the order authorizing the Debtor's use of Cash Collateral after service of the order, the Debtor proposes that the interim order will become a final order authorizing the use of Cash Collateral going forward.

33. The Debtor further requests that the Court authorize it to use Cash Collateral in accordance with such modified or supplemental budgets without a hearing unless an objection is filed within fourteen (14) days after such modified or supplemental budgets are filed.

34. For the reasons set for herein, it is necessary that the Debtor obtains an interim hearing on the use of Cash Collateral and granting of Adequate Protection as soon as possible.

35. The Debtor has attached a proposed order.

WHEREFORE, the Debtor respectfully requests this Honorable Court to:

a. Enter the order substantially in the form attached hereto as Exhibit 1; and

b. Grant such other and further relief as is just and equitable to the Debtor.

*[Signatures on following page]*

                    Respectfully submitted,
                    **STEVENSON & BULLOCK, P.L.C.**

                    By: /s/ Elliot G. Crowder
                    Charles D. Bullock (P55550)
                    Elliot G. Crowder (P76137)
                    Counsel for Debtor
                    26100 American Drive, Suite 500
                    Southfield, MI 48034
                    Phone: (248) 354-7906
                    Facsimile: (248) 354-7907
                    Email: cbullock@sbplclaw.com
Dated: June 12, 2024          Email: ecrowder@sbplclaw.com


                    **MICHIGAN PAIN CONSULTANTS, P.C.**

                    By: /s/ Stacy Ward
                    Stacy Ward
            Its:    Responsible Person

Dated: June 12, 2024

**<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS

| | |
|---|---|
| **IN THE MATTER OF:** <br> Michigan Pain Consultants, P.C. <br><br> Debtor. | Bankruptcy Case No. 24-01571 <br> Hon. Scott W. Dales <br> Chapter 11 <br> *Subchapter V* |

## ORDER GRANTING THE DEBTOR'S FIRST DAY MOTION FOR ENTRY OF AN INTERIM AND FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter having come before the court on the First Day Motion for Entry of an Order Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection (the "Motion")[1] filed by Michigan Pain Consultants, P.C. (the "Debtor"); after notice and hearing, the Court having reviewed the Motion;

THE COURT HEREBY FINDS:

A. On June 12, 2024, (the "Petition Date"), the Debtor filed for relief under Chapter 11 of the United States Bankruptcy code (the "Bankruptcy Code").

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C. The Court consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A),(K) and (M).

D. The procedures set forth in this Order, constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered on an interim basis pursuant to Bankruptcy Rule 4001 and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph

---

[1] Capitalized terms used but not defined herein shall have the meanings as set forth in the Motion.

11 below. The Debtor requires funds to pay expenses in connection with maintaining operations, including paying employees, continuing production of current products, and providing service to its customers. Failure to pay these and similar critical expenses would cause the Debtor immediate and irreparable harm by disrupting its ability to maintain operations.

        E.        The Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly, it requires authorization to use Cash Collateral to avoid immediate and irreparable harm. The amount of cash the Debtor proposes to use before entry of a final order granting the Motion (including adequate protection payments as authorized under this Order) is set forth in the Budget attached to the Motion. Specifically, during the first three months of this case, the Debtor projects that it will need to spend approximately $4,491,685.06.

        F.        The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

        Therefore, IT IS HEREBY ORDERED that:

        1.        The Motion is granted.

        2.        The Debtor is authorized to use Cash Collateral and grant adequate protection in accordance with the terms of the Motion.

        3.        To avoid immediate and irreparable harm before the date of the final hearing or the date this order becomes a final order in the absence of a timely objection and final hearing, the Debtor is permitted to use Cash Collateral in the amount of $[*] and its authorized use of Cash Collateral is limited to that amount prior to the entry of a final order authorizing the Debtor to use Cash Collateral or the time this Order becomes a final order, as the case may be. Pending a final order, the Debtor may use Cash Collateral in accordance in the amounts set forth above in accordance with the Budget, with a ten percent (10%) variance for each line item.

4.      To the extent of any diminution in value of the pre-petition Cash Collateral, the Bank and McKesson are hereby granted the following Replacement Liens as adequate protection. The Replacement Liens shall be liens on the Debtor's assets which are created, acquired, or arise after Petition Date, but limited to only those types and descriptions of collateral in which the Bank and McKesson held a pre-petition lien or security interest. The Replacement Liens shall have the same priority and validity as the pre-petition security interest and liens. For clarity, the collateral securing the Replacement Liens shall not include claims and causes of action under Chapter 5 of the Bankruptcy Code or 11 U.S.C. § 506(c) claims.

5.      The Bank and McKesson are adequately protected.

6.      Nothing in this Order constitutes an admission by the Debtor or prejudices the rights of the Debtor to challenge the amount, validity, enforceability, priority or perfection of any liens or security interests asserted by the Bank and McKesson and any other party asserting a security interest in Debtor's assets.

7.      The Debtor is authorized to escrow Professional Fees, as more fully set forth in the Motion.

8.      The Debtor shall, within twenty-four (24) hours following the entry of this order, serve copies of this order and the Motion, with all attachments, on each of the Debtor's 20 largest unsecured creditors, the Bank, McKesson, the United States Trustee's Office, the Subchapter V Trustee, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(d).

9.      All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with the entered Order.

If an objection is timely filed, the final hearing on this Order will be held before the Honorable _____, on _____, 2024 at _____ a.m/p.m. If no timely objection is filed, then this Order will become a final order without a further hearing, and the Debtor will be authorized to spend for those expenses referenced in the Motion, as well as any other expenses necessary for operating the business in the ordinary course going forward.

10. The Debtor's use of Cash Collateral shall conform to the amounts set forth in the Budget with a ten percent (10%) variance. It may file with the Court modified or supplemental budgets from time to time and shall be authorized to use Cash Collateral in accordance with such modified or supplemental budgets without a hearing unless an objection is filed within fourteen (14) days after the such modified or supplemental budgets are filed. The Debtor's authority to use Cash Collateral shall continue otherwise ordered by this Court.

11. This Court retains jurisdiction to enforce and interpret this Order.

**End of Order**

Prepared by:
**STEVENSON & BULLOCK, P.L.C.**
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

## **EXHIBIT 2**

MPC 13 Week Plan 6.12.24 Revised.xlsx
Cash Flow Projection

**MPC Cashflow - 13 Week**
June 12 (Wednesday) - September 13 (Friday)

| DAILY | 6/12 - 6/30 | 7/1 - 7/31 | 8/1 - 8/31 | 9/1 - 9/13 | Total |
|---|---|---|---|---|---|
| **Bank Balance** | | | | | |
| **Income** | | | | | |
| Balance forward - Fifth Third & Horizon | (9,540.22) | | | | (9,540.22) |
| Collections | 940,367.49 | 1,317,484.11 | 1,488,785.08 | 918,492.02 | 4,665,128.70 |
| MSU Payment | | 250,000.00 | | | 250,000.00 |
| **Total Income** | **930,827.27** | **1,567,484.11** | **1,488,785.08** | **918,492.02** | **4,905,588.48** |
| **Payroll Expenses** | | | | | |
| Payroll - Employees | 390,873.23 | 688,465.85 | 866,805.81 | 246,514.62 | 2,192,659.50 |
| 1099 Services | 10,100.00 | 10,100.00 | 10,100.00 | | 30,300.00 |
| Priority Health | 78,843.00 | 147,818.84 | 147,818.84 | 122,818.84 | 497,299.52 |
| HSA | 11,862.21 | 8,896.66 | 21,351.98 | 8,896.66 | 51,007.50 |
| Schwab/Grand Wealth/Varnum - 401k(Payroll/Safe Harbor) | 37,000.00 | 31,000.00 | 24,200.00 | 73,000.00 | 165,200.00 |
| EyeMed - Vision | 1,300.00 | 975.00 | 780.00 | 650.00 | 3,705.00 |
| Mutual of Omaha - Disability | 23,168.41 | 17,376.31 | 13,901.05 | 11,500.00 | 65,945.76 |
| Delta Dental | - | 7,363.76 | 5,891.01 | 4,909.18 | 18,163.95 |
| **Total Payroll Expenses** | **553,146.85** | **911,996.41** | **1,090,848.69** | **468,289.29** | **3,024,281.24** |
| **Automatic Withdrawls** | | | | | |
| Bank Fees | 3,336.72 | 3,336.72 | 3,336.72 | 3,336.72 | 13,346.88 |
| Med Trainer - compliance for HR | 2,800.00 | 2,800.00 | 2,800.00 | 2,800.00 | 11,200.00 |
| Credit Card Processing | 2,000.00 | 4,000.00 | 4,000.00 | 4,000.00 | 14,000.00 |
| Bamboo (HR) | | 1,200.00 | 1,200.00 | 1,200.00 | 3,600.00 |
| **Total Automatic Withdrawls** | **8,136.72** | **11,336.72** | **11,336.72** | **11,336.72** | **42,146.88** |
| **Rent Expenses** | | | | | |
| Heritage Point - Grand Rapids - Rent/CAM/Maintenance | 48,870.25 | 48,870.25 | 48,870.25 | 48,870.25 | 195,481.00 |
| Holland Medical Office Equities - Holland - Rent/CAM | 13,397.60 | 13,397.60 | 13,397.60 | 13,397.60 | 53,590.40 |
| 6896 Greenville LLC - Greenville - Rent/CAM | 8,510.55 | 8,510.55 | 8,510.55 | 8,510.55 | 34,042.20 |
| Eagle Park Partners - Grand Rapids - Rent | 16,147.00 | - | - | - | 16,147.00 |

MPC 13 Week Plan 6.12.24 Revised.xlsx
Cash Flow Projection

| | | | | | |
|---|---:|---:|---:|---:|---:|
| Regus | 141.00 | 141.00 | 141.00 | 141.00 | 564.00 |
| **Total Rent Expenses** | **86,925.40** | **70,778.40** | **70,778.40** | **70,778.40** | **299,260.60** |
| | | | | | |
| **Utility Expenses** | | | | | |
| Consumers Energy - Eagle Park/Heritage Pointe | 2,632.00 | 5,731.00 | 2,632.00 | 2,632.00 | 13,627.00 |
| Semco Energy (Holland Electricity) | 509.00 | 509.00 | 509.00 | 509.00 | 2,036.00 |
| DTE - Eagle Park/Heritage Pointe | 432.27 | 440.00 | 440.00 | 320.00 | 1,632.27 |
| Holland Board of Public Works (Holland Gas) | - | 55.00 | 55.00 | 55.00 | 165.00 |
| US Signal | 2,562.44 | 2,562.44 | 2,562.44 | 2,562.44 | 10,249.76 |
| Internet - Heritage Pointe/Greenville/Holland | 1,311.84 | 1,511.84 | 1,311.84 | 1,311.84 | 5,447.36 |
| **Total Utility Expenses** | **7,447.55** | **10,809.28** | **7,510.28** | **7,390.28** | **33,157.39** |
| | | | | | |
| **Other Expenses** | | | | | |
| Bredeweg & Zylstra, PC - Accounting | - | 8,500.00 | 8,500.00 | 18,500.00 | 35,500.00 |
| ADT - Security | 377.88 | 377.88 | 190.34 | 190.34 | 1,136.44 |
| IT / Billing Consultant | 900.00 | 900.00 | 900.00 | 900.00 | 3,600.00 |
| Cleaning Solutions LLC | 3,577.99 | 1,789.00 | 1,789.00 | 1,789.00 | 8,944.99 |
| Clinically Speaking | 1,700.00 | 1,700.00 | 1,700.00 | 1,700.00 | 6,800.00 |
| Concensus - FAX service | 6,856.84 | 3,400.00 | 3,400.00 | 3,400.00 | 17,056.84 |
| CURI (Malpractice Insurance) | - | 52,000.00 | - | - | 52,000.00 |
| DialPad - Phone System | 5,794.41 | 5,794.41 | 5,794.41 | 5,794.41 | 23,177.64 |
| DLD - Med Destruction | 15,000.00 | - | - | - | 15,000.00 |
| eCW - Electronic Medical Records | 5,000.00 | 40,468.78 | 40,468.78 | 40,468.78 | 126,406.34 |
| EPS Security | 4,790.67 | 1,119.87 | 1,119.87 | 1,119.87 | 8,150.28 |
| Go Daddy - website URL | 100.00 | 100.00 | 100.00 | 100.00 | 400.00 |
| Honey Tree - Website | 300.00 | 300.00 | 300.00 | 300.00 | 1,200.00 |
| Kent Communication - print material | 3,227.45 | 275.00 | 275.00 | 275.00 | 4,052.45 |
| Kheder Davis & Associates | 10,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 70,000.00 |
| Landauer - radiation safety badges | 4,479.45 | - | - | - | 4,479.45 |
| Medtronics - pump fills | 3,877.81 | 203.97 | 203.97 | 203.97 | 4,489.72 |
| MSU Payment | 11,400.00 | 14,000.00 | - | - | 25,400.00 |
| Nimble - Billing Company | 56,422.05 | 79,049.05 | 89,327.10 | 55,109.52 | 279,907.72 |
| ODP Business Solutions - Office Depot | 2,074.35 | 1,306.56 | 1,306.56 | 1,306.56 | 5,994.03 |
| Patient Care Ombudsman | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 8,000.00 |
| Phoenix - IT Services | 29,874.69 | 29,874.69 | 29,874.69 | 29,874.69 | 119,498.76 |
| Postage | 2,500.00 | 2,500.00 | 2,500.00 | 1,250.00 | |
| Shred It - document disposal | 4,733.46 | 900.00 | 900.00 | 900.00 | 7,433.46 |
| Stratus Building Solutions | 10,839.98 | 21,679.96 | 15,908.12 | 7,728.66 | 56,156.72 |

**MPC 13 Week Plan 6.12.24 Revised.xlsx**
**Cash Flow Projection**

| | | | | | |
|---|---|---|---|---|---|
| Stratus Video | 1,130.00 | 1,130.00 | 1,130.00 | - | 3,390.00 |
| Stericycle - Bio Waste/Sharps | 3,894.71 | - | - | 1,000.00 | 4,894.71 |
| Sub V Trustee | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 14,000.00 |
| Taft Stettinius & Hollister | 3,750.00 | 7,500.00 | 7,500.00 | 7,500.00 | 26,250.00 |
| TeleRay | - | 9,141.85 | - | - | 9,141.85 |
| Stevenson & Bullock, PLC | 10,000.00 | 20,000.00 | 20,000.00 | 20,000.00 | 70,000.00 |
| Valley City Linen | 5,000.00 | 2,500.00 | 2,500.00 | 1,200.00 | 11,200.00 |
| Waystar - Clearinghouse for billing | 18,677.55 | 6,000.00 | 6,000.00 | 6,000.00 | 36,677.55 |
| Miscellaneous | 10,000.00 | 10,000.00 | 7,500.00 | 5,000.00 | 32,500.00 |
| **Total Other Expenses** | **241,779.29** | **348,011.02** | **274,687.84** | **237,110.80** | **1,092,838.95** |
| **Total Expenses** | | | | | |
| **NET Cash** | **33,391.46** | **214,552.28** | **33,623.15** | **123,586.53** | **413,903.42** |