# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN
# GRAND RAPIDS

**IN THE MATTER OF:**

Michigan Pain Consultants, P.C.

Debtor.

Bankruptcy Case No. 24-01571
Hon. Scott W. Dales
Chapter 11
*Subchapter V*

## ORDER (A) AUTHORIZING DEBTOR TO PAY EMPLOYEE OBLIGATIONS; AND (B) DIRECTING FINANCIAL INSTITUTIONS TO HONOR OUTSTANDING EMPLOYEE-OBLIGATION PAYMENTS

This matter is before the Court on the Debtor's First Day Motion for Entry of Order (A) Authorizing Debtor to Pay Employee Obligations; and (B) Directing Financial Institutions to Honor Outstanding Employee-Obligation Payments (the "Motion")[1] filed by Michigan Pain Consultants, P.C. (the "Debtor"). The Court having considered the Motion and finding that it has jurisdiction over this proceeding; that this is a core proceeding; that the service and notice of the Motion was sufficient under the circumstances; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; that the relief requested in the Motion under Bankruptcy Rule 6003 is necessary to avoid immediate and irreparable harm; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized, but not directed, to continue to pay and honor the Employee Obligations as described in the Motion, in the ordinary course of the Debtor's business, and to pay all related costs and expenses, as of the Petition Date.

---

[1] Capitalized terms used but not defined herein shall have the meanings as set forth in the Motion.

3. The Debtor's banks and all other financial institutions at which the Debtor maintains those accounts which are utilized to pay the Employee Obligations are directed to honor checks presented for payment, and to honor all fund transfer requests made by the Debtor related to the foregoing, to the extent sufficient funds are on deposit in such accounts.

4. Under 11 U.S.C. §§ 507(a)(4) and (5), no payment(s) to any single employee on account of any Employee Obligation shall exceed, in the aggregate, $15,150.00. Similarly, the Debtor shall not make any payment to any Employee on account of any Employee Obligation that was not earned within 180 days before the date that the Debtor filed its bankruptcy petition with this Court.

5. Notwithstanding anything herein or in the Motion to the contrary, any payment for approved Reimbursable Expenses shall only be paid from the Debtor's payroll account.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon their entry.

7. The entry of this order does not, in and of itself, authorize the use of cash collateral.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

IT IS HEREBY ORDERED that Debtor's counsel shall promptly serve this Order on all entities affected by it, and parties requesting notice of these proceedings.

**End of Order**

Prepared by:
**STEVENSON & BULLOCK, P.L.C.**
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

**Dated June 20, 2024**

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge