**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

**IN THE MATTER OF:**

| | |
|---|---|
| Michigan Pain Consultants, P.C.<br><br>Debtor. | Bankruptcy Case No. 24-<br>Hon.<br>Chapter 11<br>*Subchapter V* |

**EX PARTE APPLICATION TO EMPLOY TAFT STETTINIUS & HOLLISTER LLP AS SPECIAL COUNSEL**

NOW COMES Michigan Pain Consultants, P.C., (the "Debtor" or "Applicant"), and for its Ex-Parte Application for Authority to Employ Taft Stettinius & Hollister, LLP as Special Counsel (the "Application") states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

**BACKGROUND**

4. On June 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

5. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

6. Stacy Ward is the responsible person for the Debtor.

7. No trustee or examiner has been appointed in this case.

8. Since this case is filed under subchapter V of chapter 11 of the Bankruptcy Code, it is not anticipated that an official committee of unsecured creditors will be appointed or designated in this case.

9. The factual background regarding the Debtor, including its business operations and the events leading to the filing of this subchapter V case is set forth in the *Declaration of Stacy Ward in Support of Chapter 11 Petition, First Day Motions, and Other Relief* filed contemporaneously with this Motion and fully incorporated herein by reference.

10. Prior to the Petition Date, the Debtor engaged Taft Stettinius & Hollister, LLP ("Taft" or "Applicant") to represent it incident to matters related to employment law and health care law matters.

**RELIEF REQUESTED**

11. The Debtor seeks the entry of an Order, substantially in the form attached hereto as Exhibit 1, authorizing the Debtor to retain and employ Taft as special counsel.

**BASIS FOR RELIEF REQUESTED**

12. Section 327(e) of the Bankruptcy Code permits the retention of an attorney "for a specified special purpose, other than to represent the trustee in conducting the case . . . if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

13. Qualifications: Taft is well-positioned to assist the Debtors in this case as special counsel. Effective Dec. 31, 2022, Jaffe Raitt Heuer & Weiss, a firm with more than 120 attorneys representing over 25 practice areas, joined Taft. With this addition, Taft is comprised of more than 800 attorneys in eight primary Midwest markets and the District of Columbia. Taft's employment

law and health care law groups regularly guide private and public companies and financial sponsors through complex matters.

14. Services to Be Provided: Taft will serve as special counsel pursuant to the terms of the engagement letter attached as Exhibit 3.

15. Professional Compensation: As set forth in the engagement letter, Taft will be compensated hourly at its standard hourly rates subject to final review and approval from the Bankruptcy Court. The rates for the Taft attorneys who are likely to render services to the Debtors range from $400.00 to $665.00 per hour.

16. Taft Satisfies the Requirements for Employment under § 327(e) of the Bankruptcy Code

17. As set forth in the Declaration of Kimberly Clayson attached as Exhibit 2, and to the best of her knowledge, information, and belief, Taft does not represent or hold any interest adverse to the Debtor's bankruptcy estate or the Debtor with respect to the matter on which Taft is being employed.

18. The Debtor has not made a previous request to this or to any other court for the relief sought in this Application.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in the Application and additional relief as is just and equitable.

*[Signatures on following page]*

Respectfully submitted,
**TAFT STETTINIUS & HOLLISTER LLP**

By: /s/ Kimberly R. Clayson
Kimberly R. Clayson (P69804)
Counsel for Debtor
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
Facsimile: (248) 351-3082
Email: kclayson@taftlaw.com

Dated: June 25, 2024

**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: June 25, 2024

**MICHIGAN PAIN CONSULTANTS, P.C.**

By: /s/ Stacy Ward
Stacy Ward
Its: Responsible Person

Dated: June 25, 2024

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

| | |
|---|---|
| **IN THE MATTER OF:**<br>Michigan Pain Consultants, P.C.<br><br>Debtor. | Bankruptcy Case No. 24-<br>Hon.<br>Chapter 11<br>*Subchapter V* |

**ORDER AUTHORIZING DEBTOR TO EMPLOY SPECIAL COUNSEL**

This matter having come before this Court upon the Debtor's *Ex-Parte Application for Authority to Employ Taft Stettinius & Hollister, LLP as Special Counsel* (the "Application"); the Court having read same and being otherwise fully advised in the premises;

NOW, THEREFORE;

IT IS HEREBY ORDERED the Application is GRANTED.

IT IS HEREBY FURTHER ORDERED that the Debtor is authorized to employ Taft Stettinius & Hollister, LLP pursuant to the terms described in the Application and engagement letter attached as Exhibit 3 to the Application.

IT IS HEREBY FURTHER ORDERED that all fees and expenses must be approved by the Court by separate Order.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

**IN THE MATTER OF:**

| | |
|---|---|
| Michigan Pain Consultants, P.C.<br><br>Debtor. | Bankruptcy Case No. 24-<br>Hon.<br>Chapter 11<br>*Subchapter V* |

**DECLARATION OF DISINTERESTEDNESS**

I, Kimberly R. Clayson, being fully duly sworn state:

1. I am a Senior Counsel with the firm Taft Stettinius & Hollister, LLP ("Taft" or "Applicant").

2. I am familiar with the facts and circumstances set forth in this Declaration, and I am in all respects competent to make this Declaration in Support of the Ex-Parte Application for Authority to Employ Taft Stettinius & Hollister, LLP as Special Counsel (the "Application").

3. Unless otherwise stated, this Declaration is based upon my personal knowledge.

4. I have reviewed the Application and the statements contained in the Application are true and accurate to the best of my information, knowledge, and belief.

5. Prepetition, Taft represented the Debtor incident to certain health law and employment law matters.

6. There are no pre-petition fees or expenses due to Taft.

7. Taft received the total of $58,493.76 for pre-petition fees and expenses for its representation of the Debtor. At this time, $11,506.24 is on hand in the Taft IOLTA account.

8. In the past, I have served as a Subchapter V Trustee in cases in which Stevenson & Bullock, P.L.C. has served as counsel for the debtor or a creditor.

9. Charles D. Bullock of Stevenson & Bullock, P.L.C. is the Assignee for the Benefit of Creditors In the matter of In re SSC Oakland Cambridge Operating Company LLC, et al. (Case

No. 22-010979-CB), which is currently pending in the Wayne County Circuit Court. Taft represents Mr. Bullock solely in his capacity as Assignee (not individually) in the matter, which is wholly unrelated to the instant bankruptcy case.

10. This firm has client relationships with creditors of Debtor, however Taft has not represented creditors of Debtor in matters related to or adverse to Debtor.

11. Other than as set forth herein, after reviewing the list of creditors in this case, investigating the firm records (individually and in concert with all appropriate firm employees and members), and additional consultation with all appropriate employees and members of the firm, I have determined that neither I nor any other member of the firm has any non-de minimus connections (see, *In re Rusty Jones Inc.,* 134 B.R. 321, 345 (Bankr. N.D. Ill. 1991)) with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

Pursuant to 28 U.S.C. § 1746, I declare to the best of my knowledge, under penalty of perjury, that the above statements are true and correct.

Respectfully submitted,
**TAFT STETTINIUS & HOLLISTER LLP**

By: /s/ Kimberly R. Clayson
Kimberly R. Clayson (P69804)
Counsel for Debtor
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
Facsimile: (248) 351-3082
Email: kclayson@taftlaw.com

Dated: June 25, 2024

Taft/

27777 Franklin Rd., Suite 2500
Southfield, MI 48034-8214
Tel: 248.351.3000 | Fax: 248.351.3082
taftlaw.com

Affirmative Action, Equal Opportunity Employer

Kimberly Ross Clayson
*kclayson@taftlaw.com*
*(248) 351-3000*

June 14, 2024

Michigan Pain Consultants
Dr. Bindu Popat-Lewis
250 Monroe Avenue NW
Suite 400, PMB 17089
Grand Rapids, Michigan 49503
blewis@michiganpain.com

***By Email Only***

Dear Dr. Lewis:

We are pleased that you have chosen Taft Stettinius & Hollister LLP ("Taft"), as your legal counsel in connection with legal services attending to employment and health law compliance matters during the course of and subsequent to the bankruptcy proceeding of Michigan Pain Consultants, PC ("MPC"). The purpose of this letter is to explain our fees and billing procedures, what you can expect from us, and what we expect of you.

**Our Client**

For purpose of this representation, you agree that our client is only MPC. Because of the proliferation today of companies affiliated through common or partial ownership, and the problems this can create in identifying potential conflicts of interest, we advise our clients that Taft will not regard any affiliate of a client (*i.e.*, parent, subsidiary or other related entity) as a Taft client for any purpose, unless an attorney-client relationship with that affiliate has been established by an express agreement with Taft. Similarly, Taft will not regard a representation that is adverse to an affiliate of a client as being adverse to our client. You agree that our attorney client relationship is so limited, and that we remain free to take on matters for other clients, including contested or litigated matters, that may be adverse to your affiliates without that constituting a conflict of interest.

In the course of advising MPC, Taft will need to address and discuss issues relating to MPC with various individuals affiliated with the entity who may serve as directors, members, partners, shareholders, managers, employees, guarantors or other similar capacity (collectively, the "Individuals"). While the Individuals, in their individual capacities, may be impacted by Taft's representation of MPC, Taft is not representing or advising any of the Individuals in their individual capacities and Taft will not consider them as a client unless they have established an attorney-client relationship by an express agreement with Taft. We recommend that you advise the Individuals that they consider obtaining their own, separate counsel.

**Services We Will Provide**

We will perform the legal services that we have agreed to undertake on your behalf in a professional manner and keep you informed of all material developments in a reasonable and timely manner. Although we may give you our professional judgment concerning a particular matter, the likelihood of a favorable outcome on a particular case, the amount of a potential recovery, what a clause in a document says, or whether a particular contract or negotiation will result in the desired outcome, we are never able to make any guarantees. What we will endeavor to do is to give you our best judgment in light of the law and the particular facts made known to us. In order for us to render our best advice and represent you in the manner most beneficial to you, we need, and you agree to provide, your cooperation and your candor. The integrity and reliability of those with whom you do business is your responsibility; unless we otherwise agree in writing, we will not investigate any aspect of any such persons or entities.

**Electronic Communications**

From time to time we may provide information or documents by facsimile, e-mail or other electronic means. You should note that while electronic communication has begun to augment, and even replace, postal and courier services, it is not as secure. Like cell telephones, information sent through the internet is subject to interception, and, like faxes, it is subject to being inadvertently sent to the wrong address. While interception and misuse may be illegal, generally it is not worth pursuing a remedy. In order to provide you the most efficient services, we may communicate using such electronic means notwithstanding the small risk involved. If you would prefer that we not use such means in connection with your matters, please so inform us in writing.

**Privacy Policy**

Please review our attached Privacy Policy Notice and Opt Out Form. If you have any questions concerning the Policy or the Form, please contact us. In addition to our Policy, our professional responsibilities to our clients, including the attorney-client privilege, impose a high level of client information security.

**Document Retention**

We will maintain any documents you furnish to us or we otherwise obtain or create on your behalf for this matter in our client files. At the conclusion of the matter (or earlier, if appropriate), at your request and provided that you have paid all outstanding fees and costs, we will return to you any original documents you provided us that we have retained in our files and allow you to copy, at your expense, any other documents relating to this matter. We may, without prior notice to you, (1) at any time, make electronic copies of any documents related to this matter and destroy the originals, and (2) after seven years destroy any documents in our possession.

**Fees**

Our attorneys have varying areas of expertise and amounts of experience and different billing rates. Our goal in each instance is to render the best legal services we can in the most

efficient manner. In order to accomplish this goal, the attorney in charge of a particular matter for you may assign different members of our staff to perform various services for you in connection with different matters or different aspects of the same matter.

Our fees are generally based on the amount of time that is spent by our staff on your matter and our hourly billing rates in effect at the time the services are performed. Our hourly billing rates are adjusted from time to time and vary, depending on the experience and specialized expertise of professionals assigned to your matter. Typical attorney hourly rates on this matter will range from $400 per hour to $640 per hour and are subject to annual adjustments. Typical paralegal rates will range from $200 to $250 per hour.

**Costs**

In addition to our fees for professional services, our bills will include our out-of-pocket expenses incurred or paid on your behalf. These expenses include photocopying, postage, extraordinary telephone charges, specialized computer-assisted legal research, extranet services, specialized document storage and retrieval services, travel expenses, messenger time, filing fees and other disbursements. Whenever practical, we will ask all outside providers of services for your benefit to invoice you directly.

**Payment Terms**

Our fees are subject to bankruptcy court approval during the pendency of your bankruptcy proceeding. If you have a question about any bill or about the services performed, please call me when you receive the statement. If no comment about a statement is made within thirty (30) days of its date, we will assume that you have reviewed it and find it acceptable.

**Retainer**

We have agreed to accept a monthly budget allocation for our fees of $7,500 per month to be escrowed pursuant to and subject to entry of a bankruptcy court order approving our employment and a bankruptcy court order authorizing MPC's use of cash collateral.

**Conflicts**

You recognize that Taft has a large, diverse law practice and has represented, now represents and will continue to represent numerous clients in a wide range of industries and in a wide variety of matters. We have identified several vendors in your payable list that are existing Taft clients that are *potentially* adverse creditors in this matter. However, Taft will not represent you or other Taft clients in any dispute or litigation where you and other Taft clients are directly adverse to each other.

**Expanding Services**

You may expand the scope of our representation beyond the matter described above, provided that we agree. Unless otherwise agreed in writing, the terms of this letter will apply to all other matters for which we are engaged by you.

**Terminating Services**

If at any time you want to terminate our services, please notify us in writing. Likewise, if at any time we find that we are unable to continue representing you, we will notify you in writing. Unless earlier terminated, our representation with respect to any matter we undertake on your behalf will end at such time as that matter concludes. As soon as possible after termination, we will send you our final invoice relating to the matter, together with the balance of any retainer we may have, and we will have no continuing obligation to advise you with respect to future legal developments concerning such matter. If, at any time, you need additional services from us, please let us know. If we agree to provide those services, we agree that they will constitute a separate engagement on the same general terms as this engagement and we may request a separate letter.

**Miscellaneous**

This letter sets forth the terms and conditions on which we will represent you. If you have a different understanding, please advise me in writing so that we may reach agreement on any differences. Your acceptance of our services constitutes your acceptance of the terms contained in this letter.

We are not advising you with respect to this letter agreement because we would have a conflict of interest in doing so. If you wish to receive such advice, you should consult independent counsel of your choice.

We are delighted to be asked to provide legal services to you and are looking forward to working with you on this engagement. Should you ever wish to discuss any matter relating to our legal representation, please do not hesitate to call me directly.

Please sign and return the enclosed copy of this letter to indicate your acceptance of its terms together with the retainer. We will not consider that you have engaged our services until we have received the counter-signed letter and the retainer.

Very truly yours,
**TAFT STETTINIUS & HOLLISTER LLP**

Kimberly Ross Clayson

The undersigned has read and hereby agrees to and accepts the terms and conditions set forth above on which the undersigned retains the services of Taft, Stettinius and Hollister LLP, and, as part of such engagement, waives any disclosed actual or potential conflicts of interest.

Michigan Pain Consultants

DocuSigned by:

By: Stacy Ward
70E353DE914B4ED...

Its: Executive Director

Dated: June 17, 2024

c: Dr. Bindu Popat-Lewis, Board President, Michigan Pain Consultants via email
Elliot Crowder, Stevenson & Bullock PLC, Bankruptcy Counsel via email
David Abromowitz, Partner, Taft Stettinius & Hollister via email