**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

**IN THE MATTER OF:**

| | |
|---|---|
| Michigan Pain Consultants, P.C.<br><br>Debtor. | Bankruptcy Case No. 24-01571<br>Hon. Scott W. Dales<br>Chapter 11<br>*Subchapter V* |

**EX PARTE APPLICATION TO EMPLOY TAFT STETTINIUS & HOLLISTER LLP AS SPECIAL COUNSEL**

NOW COMES Michigan Pain Consultants, P.C., (the "Debtor" or "Applicant"), and for its Ex-Parte Application for Authority to Employ Taft Stettinius & Hollister, LLP as Special Counsel (the "Application") states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. 157(b)(2).

3. Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409(a).

**BACKGROUND**

4. On June 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

5. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to § 1184 of the Bankruptcy Code.

6. Stacy Ward is the responsible person for the Debtor.

7. No trustee or examiner has been appointed in this case.

8. Since this case is filed under subchapter V of chapter 11 of the Bankruptcy Code, it is not anticipated that an official committee of unsecured creditors will be appointed or designated in this case.

9. The factual background regarding the Debtor, including its business operations and the events leading to the filing of this subchapter V case is set forth in the *Declaration of Stacy Ward in Support of Chapter 11 Petition, First Day Motions, and Other Relief* filed contemporaneously with this Motion and fully incorporated herein by reference.

10. Prior to the Petition Date, the Debtor engaged Taft Stettinius & Hollister, LLP ("Taft" or "Applicant") to represent it incident to matters related to employment law and health care law matters.

**RELIEF REQUESTED**

11. The Debtor seeks the entry of an Order, substantially in the form attached hereto as Exhibit 1, authorizing the Debtor to retain and employ Taft as special counsel.

**BASIS FOR RELIEF REQUESTED**

12. Section 327(e) of the Bankruptcy Code permits the retention of an attorney "for a specified special purpose, other than to represent the trustee in conducting the case . . . if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

13. Qualifications: Taft is well-positioned to assist the Debtors in this case as special counsel. Effective Dec. 31, 2022, Jaffe Raitt Heuer & Weiss, a firm with more than 120 attorneys representing over 25 practice areas, joined Taft. With this addition, Taft is comprised of more than 800 attorneys in eight primary Midwest markets and the District of Columbia. Taft's employment

law and health care law groups regularly guide private and public companies and financial sponsors through complex matters.

14. Services to Be Provided: Taft will serve as special counsel pursuant to the terms of the engagement letter attached as Exhibit 3.

15. Professional Compensation: As set forth in the engagement letter, Taft will be compensated hourly at its standard hourly rates subject to final review and approval from the Bankruptcy Court. The rates for the Taft attorneys who are likely to render services to the Debtors range from $400.00 to $665.00 per hour.

16. Taft Satisfies the Requirements for Employment under § 327(e) of the Bankruptcy Code

17. As set forth in the Declaration of Kimberly Clayson attached as Exhibit 2, and to the best of her knowledge, information, and belief, Taft does not represent or hold any interest adverse to the Debtor's bankruptcy estate or the Debtor with respect to the matter on which Taft is being employed.

18. The Debtor has not made a previous request to this or to any other court for the relief sought in this Application.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in the Application and additional relief as is just and equitable.

*[Signatures on following page]*

Respectfully submitted,
**TAFT STETTINIUS & HOLLISTER LLP**

By: /s/ Kimberly R. Clayson
Kimberly R. Clayson (P69804)
Counsel for Debtor
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
Facsimile: (248) 351-3082
Email: kclayson@taftlaw.com

Dated: June 25, 2024

**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Debtor
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: June 25, 2024

**MICHIGAN PAIN CONSULTANTS, P.C.**

By: /s/ Stacy Ward
Stacy Ward
Its: Responsible Person

Dated: June 25, 2024

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

**IN THE MATTER OF:**

| | |
|---|---|
| Michigan Pain Consultants, P.C.<br><br>Debtor. | Bankruptcy Case No. 24-01571<br>Hon. Scott W. Dales<br>Chapter 11<br>*Subchapter V* |

**ORDER AUTHORIZING DEBTOR TO EMPLOY SPECIAL COUNSEL**

This matter having come before this Court upon the Debtor's *Ex-Parte Application for Authority to Employ Taft Stettinius & Hollister, LLP as Special Counsel* (the "Application"); the Court having read same and being otherwise fully advised in the premises;

NOW, THEREFORE;

IT IS HEREBY ORDERED the Application is GRANTED.

IT IS HEREBY FURTHER ORDERED that the Debtor is authorized to employ Taft Stettinius & Hollister, LLP pursuant to the terms described in the Application and engagement letter attached as Exhibit 3 to the Application.

IT IS HEREBY FURTHER ORDERED that all fees and expenses must be approved by the Court by separate Order.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**
**GRAND RAPIDS**

**IN THE MATTER OF:**

| | |
|---|---|
| Michigan Pain Consultants, P.C.<br><br>Debtor. | Bankruptcy Case No. 24-01571<br>Hon. Scott W. Dales<br>Chapter 11<br>*Subchapter V* |

**DECLARATION OF DISINTERESTEDNESS**

I, Kimberly R. Clayson, being fully duly sworn state:

1. I am a Senior Counsel with the firm Taft Stettinius & Hollister, LLP ("Taft" or "Applicant").

2. I am familiar with the facts and circumstances set forth in this Declaration, and I am in all respects competent to make this Declaration in Support of the Ex-Parte Application for Authority to Employ Taft Stettinius & Hollister, LLP as Special Counsel (the "Application").

3. Unless otherwise stated, this Declaration is based upon my personal knowledge.

4. I have reviewed the Application and the statements contained in the Application are true and accurate to the best of my information, knowledge, and belief.

5. Prepetition, Taft represented the Debtor incident to certain health law and employment law matters.

6. There are no pre-petition fees or expenses due to Taft.

7. Taft received the total of $58,493.76 for pre-petition fees and expenses for its representation of the Debtor. At this time, $11,506.24 is on hand in the Taft IOLTA account.

8. In the past, I have served as a Subchapter V Trustee in cases in which Stevenson & Bullock, P.L.C. has served as counsel for the debtor or a creditor.

9. Charles D. Bullock of Stevenson & Bullock, P.L.C. is the Assignee for the Benefit of Creditors In the matter of In re SSC Oakland Cambridge Operating Company LLC, et al. (Case No. 22-010979-CB), which is currently pending in the Wayne County Circuit Court. Taft represents Mr. Bullock solely in his capacity as Assignee (not individually) in the matter, which is wholly unrelated to the instant bankruptcy case.

10. This firm has client relationships with creditors of Debtor, however Taft has not represented creditors of Debtor in matters related to or adverse to Debtor.

11. Other than as set forth herein, after reviewing the list of creditors in this case, investigating the firm records (individually and in concert with all appropriate firm employees and members), and additional consultation with all appropriate employees and members of the firm, I have determined that neither I nor any other member of the firm has any non-de minimus connections (see, *In re Rusty Jones Inc.,* 134 B.R. 321, 345 (Bankr. N.D. Ill. 1991)) with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

Pursuant to 28 U.S.C. § 1746, I declare to the best of my knowledge, under penalty of perjury, that the above statements are true and correct.

Respectfully submitted,
**TAFT STETTINIUS & HOLLISTER LLP**

By: /s/ Kimberly R. Clayson
Kimberly R. Clayson (P69804)
Counsel for Debtor
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
Facsimile: (248) 351-3082
Email: kclayson@taftlaw.com

Dated: June 25, 2024